[Civ. No. 9419.   Third Dist.   July 18, 1958.]

JACK A. SCHLAG, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Harry A. Ackley and Lewis F. Shearer for Petitioner.

Everett A. Corten, Daniel C. Murphy, Melvin S. Witt,
Edmund G. Brown, Attorney General, Irving H. Perluss,
Assistant Attorney General, and F. G. Girard, Deputy At-
torney General, for Respondents.

WARNE, J. pro tem.*—This court, on its own motion,
vacated its decision and ordered a rehearing in this case
because our opinion rendered May 23, 1958, was materially
based upon four decisions of the District Courts of Appeal
which were substantially disapproved in the opinion of the
Supreme Court filed June 6, 1958, in the case of *Ferguson* v.
*Industrial Acc. Com.*, 50 Cal.2d 469 [326 P.2d 145].   The
holding in that case requires us to now arrive at a different
conclusion.

Petitioner seeks a review and annulment of an order of the
Industrial Accident Commission denying him benefits from
the Subsequent Injuries Fund.

Petitioner, an iron worker, sustained an injury to his neck

*Assigned by Chairman of Judicial Council.

arising out of and occurring in the course of his employment. It was determined by the Industrial Accident Commission hereafter referred to as the commission, that he suffered permanent disability from that injury, and he was given a permanent disability rating of 13¼ per cent. He then sought benefits from the Subsequent Injuries Fund under Labor Code, section 4751, for preexisting disabilities.

At the hearing, petitioner testified that he had the following preexisting disabilities and impairments: A right thumb disability, a left leg disability, a right foot disability, a neck disability, a left foot disability, a right ankle disability, a jaw and chest and heart disability. Some of the disabilities were symptomatic and some were asymptomatic just prior to the industrial injury.

The commission found that the petitioner suffered from multiple preexisting disabilities and physical impairment prior to the industrial injury but that the only one known to the employer was a preexisting disability to the neck. A further finding was that the combined disability resulting from the injury of April 7, 1955, and the *known* preexisting disability amounted to a permanent disability of 51½ per cent, a minimum of 70 per cent disability being required by Labor Code, section 4751, as a condition to an award from the Subsequent Injuries Fund. It was determined and ordered that the petitioner take nothing from the Subsequent Injuries Fund.

Petitioner contended that an employer need only have knowledge of some preexisting partial disability in order to warrant inclusion of all preexisting permanent disabilities and impairments in determining an employee's eligibility for Subsequent Injuries Fund benefits. On the other hand, the respondents contended that knowledge of the employer of "a" preexisting industrial injury does not warrant inclusion (for determining eligibility of an employee for Fund benefits) of other disabilities and impairments preexisting the industrial injury which were unknown to the employer.

In our former opinion we concluded that the contention made by the commission was correct. In so doing, we relied on four opinions by District Courts of Appeal which, at least by implication, hold that proof of knowledge by the employer of a previous disability is a prerequisite to payments under section 4751. The cases are: *State* v. *Industrial Acc. Com. (Baldes)*, 150 Cal.App.2d 716 [311 P.2d 26]; *State* v. *Industrial Acc. Com. (Bachrach)*, 147 Cal.App.2d 818 [306 P.2d

64]; *Urquiza* v. *Industrial Acc. Com.* 144 Cal.App.2d 322 [300 P.2d 871]; *State* v. *Industrial Acc. Com. (Strauss)*, 135 Cal.App.2d 544 [288 P.2d 31].

In the Ferguson case, *supra*, the Supreme Court concluded that ''labor disablement'' rather than ''employer knowledge'' is the essential factor by which to gauge the previously sustained disablement in determining whether that disability qualifies petitioner for resort to the fund, and disapproved all implications to the contrary which may be found in the four above mentioned decisions of the District Courts of Appeal. The court said: ''To summarize, we hold that to qualify for resort to the Subsequent Injuries Fund an employe must show that prior to the occurrence of the subsequent industrial injury he had attained the factual status of the 'permanently partially disabled' and that such previously incepted disability was labor disabling, but that previous knowledge thereof by the employer is not inherently as a matter of law required as a condition to an award to the employe of payments from the Subsequent Injuries Fund.''

Inasmuch as the Industrial Accident Commission, in the instant case, placed its decision (award denying recourse to the Subsequent Injuries Fund) solely on the ground that the employer did not have full knowledge (i.e., knowledge other than as to the neck injury) of petitioner's partial preexisting disabilities, and as the decision cannot now be sustained on that limited ground, it follows that the award should be and it is annulled and the matter is remanded for determination by the commission, on the merits, in a manner and on grounds not inconsistent with the views as expressed in *Ferguson* v. *Industrial Acc. Com., supra.*

Van Dyke, P. J., and Schottky, J., concurred.